PER CURIAM
*580 *121 Father appeals judgments terminating his parental rights to his four children, M, H, A, and J, on the basis of extreme conduct, ORS 419B.502, and for reasons of unfitness, ORS 419B.504. He raises three assignments of error. In his first two assignments, father contends that the termination proceedings violated his federal due process rights in two respects. We are not persuaded. "Due process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge , 424 U.S. 319, 334, 96 S. Ct. 893, 47 L.Ed. 2d 18 (1976) (internal quotation marks and brackets omitted). In the termination of parental rights, due process requires that parents be provided with "fundamentally fair" procedures. State ex rel Juv. Dept. v. Geist , 310 Or. 176, 187, 796 P.2d 1193 (1990) (internal quotation marks omitted); see also id. at 189-90, 796 P.2d 1193 (noting that "[t]he essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner"). Here, father has not demonstrated that-in his particular circumstances-he was deprived of due process either, as he contends, because he did not have adequate notice of the allegations that formed the basis for the termination of his parental rights or because he was denied a meaningful opportunity to respond to them. Accordingly, we reject those assignments of error.
In his third assignment of error, father challenges the juvenile court's decision on the merits; specifically, he contends that the juvenile court erred in ruling that there was clear and convincing evidence to terminate his parental rights under either ORS 419B.502 or ORS 419B.504. A detailed discussion of the evidence in the record in this case would not benefit the bench, bar, or public. Suffice it to say that, on de novo review, ORS 19.415(3)(a), we conclude that the record contains clear and convincing evidence that father has not ameliorated the conditions that gave rise to the previous involuntary terminations of his parental rights to other children and, therefore, that termination of father's parental rights is warranted under ORS 419B.502(6). We further conclude that the record contains clear and convincing evidence that (1) father has engaged in conduct or is characterized by a condition that is seriously detrimental to *122 the children; (2) integration of the children into father's care is improbable within a reasonable time because father's conduct and conditions are unlikely to change; and (3) termination is in the best interests of the children. ORS 419B.500 ; ORS 419B.504 ; State ex rel. SOSCF v Stillman , 333 Or. 135, 145-46, 36 P.3d 490 (2001). Accordingly, the juvenile court also did not err in terminating father's parental rights for reasons of unfitness under ORS 419B.504.
Affirmed.